**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| JEREMY A. HALL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>HAWX, LLC d/b/a HAWX PEST CONTROL, LLC, and JOHN DOES 1-10,<br><br>Defendant. | Case No. 5:24-cv-01822<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227,**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACE ("RFDCPA"), CAL. CIV. CODE § 1788,**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

**NOW COMES** JEREMY A. HALL ("Plaintiff"), by and through his undersigned counsel, complaining as to the conduct of HAWX, LLC d/b/a HAWX PEST CONTROL, LLC ("Defendant"), as follows:

1

## NATURE OF THE ACTION

1. This is an action seeking redress for Defendant's alleged violations of the Telephone Consumer Protection Act (the "TCPA"), pursuant to 47 U.S.C. § 227, the Rosenthal Fair Debt Collection Practices Ace ("RFDCPA"), pursuant to Cal. Civ. Code § 1788.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case arises under the TCPA, a federal statute.

5. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Hemet, California.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a limited liability company that maintains its principal place of business in West Chicago, Illinois.

10. Defendant provides pest control services to consumers in numerous states in the United States, including California.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. John Does 1-10 are third-party vendors who Defendant utilizes to assist Defendant in the collection of debts by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9660.

15. At all times relevant, Plaintiff's number ending in 9660 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In June 2023, Plaintiff signed up for pest control services with Defendant.

18. In around May 2024, Plaintiff realized that Defendant's services were ineffective and decided to cancel Defendant's services.

19. Soon thereafter, Defendant began calling Plaintiff in regard to a $60 cancelation fee ("subject debt").

20. Unfortunately, Defendant was unwilling to accommodate Plaintiff's financial hardship, thus began Defendant's onset of harassing telephone calls to Plaintiff's cellular telephone to collect subject debt.

21. Plaintiff answered Defendant's incoming telephone calls and requested that calls cease.

22. Despite Plaintiff's request, Defendant continued its collection calls, including calls from the phone number (442) 207-0732.

23. When Plaintiff answered Defendant's collection calls, Plaintiff was greeted with an automated message asking Plaintiff to wait for a live representative.

24. In unanswered calls, Defendant left prerecorded voicemails on Plaintiff's cellular phone stating:

> "Hello, this is Hawx Services calling in regard to the balance on your account. We would love to help you take care of this. Please give us a

4

call at [phone number] or pay on your online portal at hawx.pestportals.com. That's Hawx, h-a-w-x.pestportal.com. Thank you."

25. Through the present, Defendant placed numerous collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

26. Defendant's incessant robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a robocall to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28. Due to Defendant's refusal to honor Plaintiff's requests that it cease contact with her, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its invasive practices.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and

incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this Complaint through the date of class certification.

31. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.    Numerosity**

32. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

33. The exact number of the members of the Putative Class is unknown to

Plaintiff at this time and can only be determined through targeted discovery.

34. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

35. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

36. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

37. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.  Typicality**

38. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.  Superiority and Manageability**

39. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40. The damages suffered by the individual members of the Putative Class

will likely be relatively small, especially given the burden and expense required for individual prosecution.

41. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

45. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I: TELEPHONE CONSUMER PROTECTION ACT
### (ON BEHALF OF PLAINTIFF AND MEMBERS OF THE PUTATIVE CLASS)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

48. As pled above, Defendant used an artificial or prerecorded voice that automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

49. As pled above, Defendant did not have consent to place robocalls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease all contact with him.

50. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

51. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

52. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff JEREMY A. HALL, respectfully requests the following relief:

    a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

    b. an award of $500.00 in damages to Plaintiff;

    c. an award of treble damages up to $1,500.00 to Plaintiff; and

    d. an award of such other relief as this Honorable Court deems just and proper.

### COUNT II: ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### (PLAINTIFF INDIVIDUALLY AGAINST DEFENDANT)

53. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

55. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c) because it regularly engages in debt collection in its ordinary course of business.

    **a.    Violations of RFDCPA § 1788.11(e)**

56. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

57. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he informed Defendant, he wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

58. Upon being told to stop contacting Plaintiff via telephone calls, Defendant had ample reason to be aware that it should cease its harassing campaign

of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

59. As pled above, Plaintiff was harmed by Defendant's behavior.

60. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

61. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that he no longer wished to be contacted on his cellular phone.

**WHEREFORE**, Plaintiff JEREMY A. HALL, respectfully requests the following relief:

a. A finding that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

b. An award of actual damages;

c. An award of statutory damages;

d. An award of Plaintiff's reasonable attorney's fees and costs; and

e. An award of such other relief as is deemed just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 26, 2024					Respectfully submitted,


							<u>/s/ *Alexander J. Taylor*</u>
							2500 South Highland Ave
							Suite 200
							Lombard, Illinois 60148
							Telephone: 331-307-7646
							Facsimile: 630-575-8188
							Email: ataylor@sulaimanlaw.com
							*Attorney for the Plaintiff*